FILED

JUL 17 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **STEPHANIE LOPEZ** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **V.** | § | CIVIL ACTION NO. |
| | § | SA25CA0834 OG |
| **THE CITY OF SAN ANTONIO** | § | |
| **BY AND THROUGH ITS AGENT** | § | |
| **THE SAN ANTONIO FIRE** | § | |
| **DEPARTMENT** | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF, **STEPHANIE LOPEZ** ("Plaintiff" or "Lopez"),

complaining of DEFENDANT, **THE CITY OF SAN ANTONIO BY AND**

**THROUGH ITS AGENT THE SAN ANTONIO FIRE DEPARTMENT**

("Defendant" or "SAFD"), and files this Original Complaint and Jury Demand.

Plaintiff asserts claims for discrimination, harassment, failure to accommodate, and

retaliation in violation of the Americans with Disabilities Act as Amended, the Texas

Commission on Human Rights Act, and the Rehabilitation Act. Plaintiff further

asserts claims for discrimination and retaliation for seeking Worker's Compensation

benefits in violation of the Texas Labor Code. In support thereof, Plaintiff would

show as follows:

1

# I.

## PARTIES

1.    Plaintiff Stephanie Lopez is an individual residing in San Antonio, Texas within the Western District of Texas, San Antonio Division. Has been employed by SAFD in San Antonio, Texas and all relevant events occurred in San Antonio, Texas within this Court's district.

2.    Defendant The City of San Antonio by and through its agent the San Antonio Fire Department, is a governmental entity conduction operations in the State of Texas in the Western District of Texas, San Antonio Division. Defendant may be served by serving the City Clerk, Debbie Racca Sittre, City Tower 100 W. Houston St. Concourse, San Antonio, Texas 78205.

# II.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction to hear the merits of Plaintiff's Title VII and Rehabilitation Act claims due to the federal question raised pursuant to 28 U.S.C. §1331.

4.    This Court has supplemental jurisdiction over Plaintiff's state law claims under the Texas Commission on Human Rights Act and Texas Labor Code pursuant to 28. U.S.C. §1331.

5.     All of the acts alleged herein occurred in San Antonio, Bexar County, Texas, and are within the jurisdiction and district of this Court.

## III.

## MISNOMER/MISIDENTIFICATION

6.     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.

## RESPONDEAT SUPERIOR

7.     Employees involved in this cause of action were, at all times described herein, employees of Defendant and were always acting in the course and scope of that employment. Accordingly, Defendant is liable for such conduct under the doctrine of *Respondeat Superior*.

**V.**

**FACTS**

8.     Plaintiff Stephanie Lopez began working for Defendant as a firefighter on or about November 2005. Plaintiff believes and therefore alleges that Defendant receives federal funds and that she works for Defendant in a program that receives federal funds.

9.     Lopez was eventually promoted to the position of Fire Engineer and was working on an SAFD ambulance in San Antonio.

10.     Lopez got COVID connected with her job on or about August 5, 2022.

11.     On or about August 5, 2022, Lopez was seen by Dr. Jeffrey Munoz who diagnosed Lopez with COVID-19 infection with significant pulmonary/bronchial inflammatory reaction and thereafter with post-acute sequelae of COVID-19/Long COVID. Dr. Munoz indicated that Lopez needed to be off work. Dr. Munoz was treating several firefighters who had COVID-19.

12.     Lopez's symptoms included a loss of sense of smell and taste, chest tightness, shortness of breath, abnormal pulse oximetry readings, abnormal pulse rates, congestion, and ear pain.

13.     Lopez continued to have ongoing additional symptoms from August 2022 through current. These symptoms included fatigue, cough memory lapses, lung tightness, coughing fits, vision decline, abnormal blood sugar readings, joint

4

pain and swelling, dizziness, abnormal blood pressure and pulse rate readings, and sleep disturbance issues.

14.    As a result, Dr. Munoz recommended evaluations by cardiology, pulmonology, physical and speech therapies, neurology, sleep specialists, COVID specialists as well as rheumatology specialists.

15.    Since July 2021, Long COVID has been recognized as a disability under both the Americans with Disabilities Act and the Rehabilitation Act in guidance issued by the United States Department of Health and Human Services and the Equal Employment Opportunity Commission

16.    In July 2023, Dr. Munoz was removed from the Worker's Compensation Insurance network by the Injury Management Organization and the City of San Antonio.  Lopez believes and therefore alleges that this was done in retaliation for her diagnosis, medical leave and Dr. Munoz's advocacy for those with Long COVID.

17.    Since the date of injury, Lopez has consistently submitted DWC-073 Work Status Reports from her treating physician, Dr. Jeffrey Munoz. Beginning in July 2023, the City of San Antonio has refused to recognize these submissions, maintaining that all DWC-073s issued by Dr. Munoz were invalid. This refusal caused significant delays in Lopez's medical care, disrupted continuity of treatment, and adversely affected her recovery.

18.    On or about October 1, 2024, the San Antonio Fire Department changed

5

its leave without pay policy. Under the new policy, the Fire Chief had discretion to give 1 work week or 24-hour shifts worth of leave to an employee. Leave without pay that exceeds that amount that to be approved by the City Manager.

19.    The effect of this policy was to change an unauthorized absence from a disciplinary action, which would entitle the individual to rights under the government code including a hearing, to an administrative resignation. As a result employees no longer had civil service appeal rights and the termination was treated as a voluntary resignation. Additionally, there could be other consequences such as the employee losing the ability to contest benefits or receive payouts.

20.    Furthermore, the burden of proof under the disciplinary rules shifted from the City having to prove a violation to the employee having to prove the absence was excused.

21.    On October 31, 2024, during a meeting with Chief Rafael Reyes, Renee Tudyk, and Local 624 representative Billy Hacker, Lopez was instructed to report to her light duty dispatch assignment immediately following the meeting, despite having a scheduled workers' compensation medical appointment that morning.

22.    Lopez was warned that attending her medical appointment would count as an unexcused absence and result in her "voluntary" resignation under the San Antonio Municipal Firefighters' and Police Officers' Civil Service rules. As a result, Lopez was coerced into forgoing medically necessary treatment.

6

23.    On or about January 30, 2025, Dr. Jan Petrasek, a state designated doctor examination was performed on Lopez. Dr. Petrasek's findings aligned with restrictions previously issued by Lopez's treating physician, Dr. Jeffrey Munoz, on January 20, 2025—restrictions that had been rejected by the San Antonio Fire Department as invalid.

24.    Additional DWC-073 Work Status Reports reflecting similar medical limitations and work schedules were issued by consulting/referral physician Dr. Verduzco-Gutiererz on January 7 and January 27, 2025

25.    Later in January 2025, Ms. Elizabeth Barnes, a representative of the City of San Antonio through the Injury Management Organization (IMO) Network, pressured referral/consulting physician Dr. Gutierrez to alter multiple DWC-073 Work Status Reports, overriding her original clinical assessments.

26.    As a result, Dr. Gutierrez issued conflicting reports that removed work restrictions and omitted diagnosed medical conditions, forcing Lopez into a full-time work schedule inconsistent with her documented Long COVID limitations, interfering with medical decision-making, delaying appropriate care, and causing additional medical complications and extreme financial hardship.

27.    On or about February 19, 2025, during a meeting with Employee Relations Manager Renee Tudyk and Deputy Fire Chief Christopher Monestier, Lopez was informed that she would be placed on Leave Without Pay pending the results of the designated doctor's examination and the City's decision on whether

to accept those results.

28.    Lopez remained on unpaid leave under this status from February 19, 2025, until April 4, 2025, despite having ongoing medical documentation supporting work restrictions during that period causing extreme financial hardship.

29.    On April 1, 2025, Renee Tudyk, Employee Relations Manager, notified Lopez that she would be reassigned to the Communications Division under an ADA reasonable accommodation based on her medical restrictions. Unlike similarly situated employees, Lopez was never issued the department's standard Light/Modified Duty Assignment form, and this procedural deviation was neither explained nor corrected.

30.    On April 4, 2025, Human Resources Manager Renee Tudyk informed Lopez that the department's obligation to provide light duty had expired due to Lopez's statutory MMI status, and that any continued work assignment would be considered a temporary ADA accommodation.

31.    On May 23, 2025, Deputy Fire Chief Christopher Monestier reiterated that because Lopez had reached statutory MMI, she was no longer on a light duty assignment under Worker's Compensation but was instead being temporarily accommodated under the ADA. He stated that her current assignment would end on May 30, 2025, absent updated medical documentation and despite ongoing medical restrictions and light duty being afforded to similarly situated employees.

32.    Additionally, the San Antonio Fire Department unilaterally designated

this change as an ADA accommodation following an impromptu meeting that the City of San Antonio initiated and they referred to during the meeting as "the interactive process." However, Lopez was not informed of the meeting's purpose in advance and never completed any formal ADA paperwork.

# VI.

# DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT, AS AMENDED AND THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

33.    The evidence will show that:

a. Plaintiff belongs to a protected group;

b. Plaintiff was subject to unwelcome harassment;

c. The complained-of harassment was based on her disability;

d. The harassment at issue affected a term, condition, or privilege of employment; and,

e. The employer knew or should have known about the harassment and failed to take prompt remedial action.

## VII.

## FAILURE TO ACCOMMODATE A DISABILITY IN AND FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

34.    The evidence will show that:

    a.  Plaintiff is a qualified individual with a disability;

    b.  The disability and its consequential limitations were known by the employer;

    c.  The employer failed to make reasonable accommodations for such known limitations.

## VIII.

## RETALIATION TEX. LABOR CODE §451.001, et seq.

35.    Labor Code section 451.001 states that an employer may not discharge, or in any other manner discriminate, against an employee because that employee has filed a workers' compensation claim in good faith. See TEX. LAB.CODE ANN. § 451.001; Plaintiff alleges that as a result of the fact that she sought treatment and benefits under the Worker's Compensation Act for an on-the-job injury, Defendant retaliated against Plaintiff.

**IV.**

**<u>DISCRIMINATION AND RETALIATION UNDER THE</u>**

**<u>REHABILITATION ACT</u>**

36.    To the extent Defendant receives any federal funds, Plaintiff asserts claim under the Rehabilitation Act for discrimination.

37.    Plaintiff hereby incorporates the preceding paragraphs for all purposes.

38.    Plaintiff is an individual with a disability, as defined by the REHABILITATION ACT, as amended, see 29 U.S.C. §705(20).

39.    Plaintiff is an individual with a disability, as defined by the REHABILITATION ACT, as amended, see 29 U.S.C. §705(20).

      a.    Plaintiff was disabled (actually disabled and/or "regarded as" disabled) due to his Long COVID;

      b.    Plaintiff is qualified for his position;

      c.    Plaintiff suffered an adverse employment action and retaliation in that she was treated less favorably as to the terms and conditions of his employment and the City has disregarded medical instructions, treatment and interfered in his treatment, and terminated his employment; and

      d.    The circumstances raise an inference of disability discrimination and retaliation.

40.    Defendant violated the REHABILITATION ACT 29 U.S.C. §794(a), as amended, by discriminating against Plaintiff because of his disability under any program or activity receiving Federal financial assistance. In doing so, Defendant intentionally and with deliberate indifference to Plaintiff's federally protected rights interfered with his disability and required treatment and retaliated against him.

41.    Defendant's discriminatory acts violate 42 U.S.C. §1211 *et. seq.*, as amended, which are incorporated into the REHABILITATION ACT under 29 U.S.C. §794(d).

## X.

## ATTORNEY'S FEES

42.    Although Lopez is currently proceeding pro se, she reserves the right to retain legal counsel and seeks recovery of reasonable and necessary attorney's fees, expert fees, and court costs under the Americans with Disabilities Act (ADA), the Texas Commission on Human Rights Act (TCHRA), and the Rehabilitation Act. In the event counsel is retained, Lopez seeks all such fees and costs incurred in connection with the prosecution of this action, including but not limited to:

       a.    Preparation and trial of the claim, in an amount the jury deems reasonable;

       b.    Post-trial, pre-appeal legal services, in an amount the jury deems

reasonable;

c.  An appeal to the 5th Circuit Court of Appeals, in an amount the jury deems reasonable;

d.  Making or responding to an Application for Writ of Certiorari to the Supreme Court of the United States, and attorneys' fees in the event that application for Writ of Certiorari is granted, in an amount the jury deems reasonable; and,

e.  Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## XI.

## DAMAGES

43.  Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant:

a.  Lost wages in the past and future and benefits to which she would have been entitled.

b.  Compensatory damages for mental anguish and emotional distress and inconvenience related to the ADA, Rehabilitation Act, and TCHRA

claims and all other damages to which she would have been entitled.

c. All reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiff;

d. All reasonable and necessary costs incurred in pursuit of this suit;

e. Expert fees as the Court deems appropriate;

f. Pre and Post judgment interest as allowed by law;

## XII.

## JURY DEMAND

44. Plaintiff further demands a trial by jury. A jury fee has been tendered.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein and that upon a final hearing hereof, a judgment be rendered for Plaintiff and against the Defendant, for the actual damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court, pre-judgment interest, post-judgment interest, liquidated damages, and for such other and further relief to which Plaintiff

may be justly entitled.

Respectfully submitted,

/s/   Stephanie Lopez
Stephanie Lopez
3323 Cherokee Cove
San Antonio, Texas 78253
Phone: (210) 420-4605
Email: slo19592003@yahoo.com
Pro Se Plaintiff