Stephanie Lopez
Fire Engineer
San Antonio Fire Department
slo19592003@yahoo.com | (210) 420-4605

**EEOC Submission – Summary of ADA Violations**
Respondent: City of San Antonio / San Antonio Fire Department (SAFD)
Date: April 14, 2025

---

## II. Disparate Treatment of Similarly Situated Employees

After reaching statutory Maximum Medical Improvement (MMI), I was told that I am no longer eligible for light duty despite valid medical documentation supporting my restrictions. Other similarly situated SAFD employees at MMI were allowed to remain on light duty.

Violation: This constitutes disability-based discrimination under the ADA, and may also reflect retaliation for asserting protected rights under the workers' compensation system.

---

## III. Withholding of Light Duty Assignments Despite Valid Medical Documentation

For over a year, SAFD ignored multiple valid DWC073s from my treating doctor despite these being recognized by TDI-DWC. Eventually, when light duty was offered, it was incorrectly framed as an ADA accommodation without my consent.

Violation: This reflects failure to accommodate and retaliatory withholding of modified duty, violating ADA and EEOC regulations.

---

## IV. Procedural Inconsistency and Potential Retaliation

I was not issued the department's standard Light/Modified Duty Assignment form, unlike other injured employees. This procedural deviation was unexplained and appears unique to my case, raising concerns of discrimination and retaliation.

Violation: Such unequal treatment violates ADA Title I and EEOC guidelines on consistent application of policies.

### V. Forced LWOP and Garnishment of Sick Leave for Medical Appointments

Despite being under care for a compensable workplace injury, I was told to use my personal sick leave or be placed on Leave Without Pay (LWOP) for attending required medical appointments.

- Other non-disabled employees were not penalized in this way.
- My sick leave was garnished without consent, violating Texas Local Gov't Code §143.073 and applicable WC protections.

Violation: These actions constitute adverse employment actions in violation of ADA Title I, 29 C.F.R. §1630.5, and ADA anti-retaliation provisions.

### VI. Discriminatory and Retaliatory Light-Duty Assignment Practices

I was placed in light-duty roles that:

- Contradicted my certified medical restrictions
- Denied me overtime, supplemental income, or higher class pay
- Were inconsistent with accommodations given to others

Violation: This is clear disparate treatment and a denial of reasonable accommodation, violating the ADA, Rehabilitation Act §504, and EEOC regulations.

### VII. Constructive Discharge via Coercive Administrative Practices

I was asked to sign a Notice of Leave form that falsely implied voluntary LWOP status. I refused. I also received signals that my EMS B Shift position might not be held for me, despite being medically cleared to return in the future.

Violation: These coercive practices indicate an attempt at constructive discharge, which violates ADA protections.

### VIII. Retaliation for Protected Advocacy and Whistleblowing

I have consistently advocated for injured firefighters and reported wrongdoing. As a result:

- I was met with increased scrutiny
- Denied accommodations and subjected to administrative barriers

Violation: Retaliation for engaging in protected activity is prohibited under 42 U.S.C. §12203 and Texas Labor Code §21.055.

### IX. Discriminatory Compensation Policies Impacting Disabled Employees
The following wage and benefit restrictions apply uniquely to injured SAFD employees:

1. No access to outside employment or overtime
2. Reduction in pay when disputing disability determinations
3. Forfeiture of income benefits unless returning to work first
4. Garnishment of PTO and delay of benefits during recovery

Violation: These policies penalize disabled employees for using legally protected leave and workers' compensation rights, violating the ADA and creating a discriminatory impact.

---

### X. Retaliatory Leave Without Pay Policy
SAFD implemented a new LWOP policy that defines two unexcused absences as a "voluntary resignation." The department now redefines "unexcused" as simply lacking PTO—even when medical documentation exists—thus targeting injured employees.

Violation: This is retaliatory and discriminatory, and violates ADA Title I, 29 C.F.R. §1630.5, and potentially Rehab Act §504.

---

### XI. Disruption of Disability Care by Removing Treating Physician from Network
In July 2023, my treating physician (Dr. Munoz) was removed from the approved network without explanation. This disrupted my care, halted referrals, and worsened my health.

Violation: This is a constructive barrier to accommodation and medical discrimination, violating ADA and EEOC access standards.

---

### XII. Employer-Driven Interference in Medical Decision-Making
My employer pressured Dr. Gutierrez to alter my DWC073 forms, overriding her own clinical documentation. This misrepresentation forced me into a 5-day work schedule incompatible with my Long COVID condition.

Violation: This is a violation of ADA §12112(a), 29 C.F.R. §1630.5, and the Anti-Interference Clause, and may constitute constructive retaliation.

---

### XIII. Medical Inconsistencies Used to Manipulate Work Status

Multiple conflicting DWC073 forms were submitted, at the City's request. These were used to undermine my medical legitimacy and manipulate my return-to-work status.

Violation: This constitutes retaliation, medical interference, and a failure to engage in the accommodation process under ADA and EEOC law.

---

### XIV. Retaliation for Submitting Complaints and Seeking Oversight

After I submitted documentation to state and federal oversight bodies (TDI-DWC, EEOC, OCR, Texas Medical Board), I experienced a reduction in support, increased barriers to care, and further retaliation.

Violation: This directly violates the ADA Anti-Retaliation Provision at 42 U.S.C. §12203.

---

Respectfully submitted,
Stephanie Lopez
Fire Engineer, San Antonio Fire Department
slo19592003@yahoo.com | (210) 420-4605